Glenda Cafer, Chairwoman Board of Cosmetology 2708 N.W. Topeka Blvd Topeka, Kansas 66617-1139
Dear Ms. Cafer:
As Chairwoman of the Board of Cosmetology you request our opinion whether a company which publishes a newsletter on behalf of the Board would violate K.S.A.21-3914 by using a Board provided list of licensees from which the company would solicit advertising to cover costs of publishing and mailing the newsletter, as well as to generate a profit for the company.
You have provided a copy of a proposed contract with the publishing agency, Arthur L. Davis Publishing Agency, Inc. It is entitled "Printing and Publishing Agreement." It generally provides that the newsletter will be the property of the Board and that the articles submitted by the Board will not be rewritten by the publishing agency. The Board is to pay a set sum to the publishing agency toward mailing costs. The publishing agency is to receive all advertising revenues from advertisements placed in the newsletter. The contract contains a specific statement that it is not intended to create an employment relationship, agency, joint venture or partnership, but that the publishing agency is strictly an independent contractor.
Nothing in the agreement expressly grants to the publishing agency the right to solicit advertisements from licensees of the Board. The contract does contain the statement:
 "[T]he Agency represents to the Board that it can successfully sell advertising, print, and publish the newsletter, subject to procuring from the Board the exclusive right to use its name in connection with the procurement of such advertising for the newsletter. . . ."
K.S.A. 21-3914 provides, in relevant part:
 "(a) No person shall knowingly sell, give or receive, to persons listed therein, any list of names and addresses contained in or derived from public records except: . . ."
The Kansas Open Records Act (KORA), K.S.A. 45-220(c), contains a corresponding provision allowing an agency to require a certification that a list of names will not be used for purposes prohibited by K.S.A.21-3914.
K.S.A. 21-3914 is of relevance to your question because by contacting the licensees to see if they want to place an ad, the publishing agency is soliciting the sale of a service — advertising. The question of whether the publishing agency can solicit ads for the newsletter also raises the question of whether publishing the newsletter might itself be in some way prohibited by K.S.A. 21-3914 since it contains ads which solicit the sale of property or services and it is sent to licensees.
We note that Arthur L. Davis Publishing Agency, Inc. currently publishes a newsletter for the Board of Nursing and the Board of Technical Professions. We have reviewed a sample of the Board of Nursing's newsletter. The contract between Arthur L. Davis Publishing Agency, Inc, and the Board of Nursing contains essentially the same terms as the proposed contract with the Board of Cosmetology.
The act prohibited by K.S.A. 21-3914 is the transfer of a list of names for the purpose of selling, or offering for sale, property or services. It is not the actual solicitation of a sale that is prohibited. As noted, the contract clearly states that the newsletter is the property of the Board. The Board of Nursing's newsletter is entitled "Nursing Newsletter, The Official Publication of the Kansas State Board of Nursing." Any state board could publish and print such a newsletter directly — by providing information on the practice of the professions, the board would be fulfilling a public purpose. If a board published and printed a newsletter, the fact that the newsletter contained advertisements for the sale of property or services would not violate K.S.A. 21-3914 since the board would not have transferred the list to another person. We also believe that, so far as K.S.A. 21-3914 is concerned, a state board could solicit ads from its own licensees since there would be no transfer of the list to another person. (Whether placement of such an ad by a licensee could violate governmental ethics statute K.S.A. 46-237 is a question for the Commission on Governmental Standards and Conduct.)
K.S.A. 21-3914 is a penal statute and therefore is to be strictly construed in favor of the person over whom application is sought. Taking into account this rule of strict construction, we believe that the fact these Boards have chosen to contract with a publishing company to perform a service that the Boards themselves could perform should not make illegal what would otherwise be legal. We believe that the publishing agency is performing a public function for the Boards and that K.S.A.21-3914 applies to the publishing agency in this limited circumstance as if the publishing agency were the Board.
In our opinion, K.S.A. 21-3914 does not prohibit either publication of the newsletter or solicitation of advertisements from licensees by the publishing company.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm